THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-85-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GARY EDWARD NIXON, | ) | |
| Defendant. | ) | |

Gary Nixon appealed this court's denial of his motions [DE-185, -190, and -202] for a reduction in his sentence under 18 U.S.C. 3582(c)(2). The Fourth Circuit Court of Appeals ultimately affirmed the order [DE-234] and judgment of this court [DE-235], by unpublished opinion and judgment, filed September 13, 2010 [DE-250].

By petition [DE-254], postmarked September 28, 2010, and received and filed by the Clerk of Court on October 1, 2010, Nixon sought his "sentencing records." He explained that he needed those records to "show unto the court of appeal these records on Nixon enbanic [sic] rehearing," and that he only had 14 days in which to file for that hearing. On October 5, 2010, two events occurred: (i) the appellate court issued its mandate [DE-255] on the September 13, 2010, judgment; and (ii) the undersigned allowed Nixon's petition for the transcripts [DE- 256], directing the Clerk to forward those documents to the Fourth Circuit Court of Appeals. The undersigned is not aware whether Nixon filed his *en banc* petition within the deadline or whether he still is seeking to pursue such relief.

The undersigned is informed, however, that Nixon recently has contacted the Clerk's Office of the Eastern District of North Carolina, explaining that he wants the transcripts to be provided to him *personally*. Since the mandate already has issued in his appeal of the denial of his § 3582(c)(2) motion, it is not clear for what purpose Mr. Nixon seeks the transcript. His conviction and sentence became final in 2006. *Cf. United States v. Oriakhi*, No. 08-8224, 2010

WL 3522005 (4th Cir. Sept. 10, 2010) (UP) (denying equitable tolling where, "[a]lthough the record shows that Oriakhi doggedly pursued a transcript, he has failed to show that he diligently pursued his § 2255 motion.")

Section 753(f) of Title 28, United States Code addresses the circumstances under which documents may be provided to indigent criminal defendants at government expense. Section 753(f) provides in pertinent part that the United States shall pay the fee for a transcript to be furnished to a person permitted to bring an action under § 2255 *in forma pauperis* "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f).

> We think that the formula devised by Congress satisfies the equal protection components of the Fifth Amendment. Respondent chose to forgo his opportunity for direct appeal with its attendant unconditional free transcript. This choice affects his later equal protection claim as well as his due process claim. Equal protection does not require the Government to furnish to the indigent a . . . free transcript which it offered in the first instance. . . . The basic question is one of adequacy of respondent's access to procedures for review of his conviction. . . and it must be decided in the light of avenues which respondent chose not to follow as well as those he now seeks to widen. We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his § 2255 claim is not frivolous, and that the transcript is needed to decide the issue presented.
>
> * * * *
>
> Had the District Court here been confronted not with merely a conclusory allegation, but with some factual allegations indicating a denial of respondent's [constitutional rights], the court might have concluded that such a claim was not frivolous, and further decided that a free transcript should be furnished pursuant to § 753(f).

*United States v. MacCollum*, 426 U.S. 317, 325-36 (1976) (citation omitted) (footnote omitted).

Because there is no constitutional requirement that an indigent defendant be supplied free transcripts (or other court documents) in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *See id.* at 323-30; *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975); *Jones v. Superintendent, Virginia*
2

*State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). The Rules Governing Section 2255 Proceedings require only that the facts in support of a claim for relief be set forth in summary form. *Id.*, Rule 2(b). Discovery thereafter *may* be available in the § 2255 proceeding. *Id.*, Rule 6.

Under the circumstances present here, the court cannot determine why Mr. Nixon contends he needs a copy of his transcript. Therefore, the court finds he has failed to demonstrate a "particularized need" therefor. An indigent petitioner is not entitled to transcripts at government expense "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

Because Mr. Nixon has failed to show a particularized need for his transcripts, his petition [DE-254], seeking a copy thereof is DENIED without prejudice to renew his motion upon a proper showing, as detailed herein. The Clerk of Court is DIRECTED to cross-reference in the docket this order [DE- 257] and the October 5, 2010, order [DE-256] directing that the transcript be sent to the appellate court.

SO ORDERED.

This, the 20th day of October, 2010.

JAMES C. FOX
Senior United States District Judge